U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 08-00783

ADVERSARY PROCEEDINGS NO: 08-80028 and 08-80035

ORDER ON CLASS CERTIFICATION

The relief set forth on the following pages, for a total of 11 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**11/21/2008**



US Bankruptcy Court Judge
District of South Carolina

Entered: 11/21/2008

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>PROTECTED VEHICLES, INC.,<br>                                  Debtor. | C/A No. 08-00783-DD<br><br>Chapter 11 |
| MARCUS BURGIO on behalf of himself and all others similarly situated,<br><br>                                Plaintiff.<br>v.<br><br>PROTECTED VEHICLES, INC.,<br><br>                                Defendant. | Adversary Proceeding<br>No. 08-80028-DD |
| VALARIE A. THOMPSON, WILLIAM J. SCOTT, JR. and WEYNONAH JAY WILDER, for themselves and on behalf of a class of similarly situated parties,<br><br>                                Plaintiffs.<br>v.<br><br>PROTECTED VEHICLES, INC.,<br><br>                                Defendant. | Adversary Proceeding<br>No. 08-80035-DD |

**ORDER GRANTING CLASS CERTIFICATION**

This matter is before the Court on Motions for Class Certification ("Motions") pursuant to Federal Rules of Civil Procedure 23, made applicable to these adversary proceedings by Federal Rule of Bankruptcy Procedure 7023. These two adversary proceedings seek, at least in part, relief under the Federal Worker Adjustment and Retraining Notification Act ("WARN Act"), found at 28 U.S.C. §§ 2101-2109. The motion in Adversary Proceeding 08-80028 was made by Lead Plaintiff Maurice Banks ("Burgio Adversary") and the motion by Lead Plaintiffs Valarie A. Thompson, William J. Scott, Jr., and Weynonah Jay Wilder ("Thompson Adversary") was made in Adversary Proceeding 08-80035. Because both adversary proceedings seek class certification for causes of action that

include claims arising under the WARN Act this order is entered in each of the adversary proceedings.

## Brief Factual Summary

Protected Vehicles, Inc. ("Defendant" or "Debtor") maintained and operated its corporate headquarters at 1210 Truxton Avenue, North Charleston, South Carolina. It had other facilities in North Charleston for the manufacture of ballistic and blast protected military vehicles. Plaintiffs complain that on or about December 3, 2007, the Defendant terminated substantially all of its employees and closed its facilities. In a letter to employees dated December 19, 2007, the Defendant stated that its facilities would not re-open. The Plaintiffs in the Thompson Adversary also allege that many of the employees never received paychecks for the work-week prior to December 3, 2007 and that employees suffered other damages. Plaintiffs in both adversary proceedings allege that none of the Defendant's employees terminated on December 3, 2007, within thirty days of that date, or thereafter received 60 days' advance written notice of termination. On February 5, 2008, Defendant filed a petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Defendant is liquidating its assets and is not continuing its operation.

## Issues

The issues raised by these Motions are (1) should a class be certified, (2) if so, in one or both adversaries, (3) if in one adversary, which one, (4) if in one adversary, which firm(s) should be counsel and (5) what should be the composition of the class.

## Standard

In considering motions for class certification the Fourth Circuit has stated:

> Rule 23(a) of the Federal Rules of Civil Procedure provides that a class action is allowable only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there exist questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the entire class. Fed. R. Civ. P. 23(a). In addition, Rule 23(b) provides that class

2

> certification … [is] proper in this case only if ... [the Court finds] that
> questions of law or fact common to the members of the class "predominate
> over any questions affecting only individual members, and that a class
> action is superior to other available methods for the fair and efficient
> adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

*Simmons v. Poe*, 47 F.3d 1370, 1380 (4th Cir. 1995). The merits of the underlying claims are not relevant to the issue of class certification. *Lienhart v. Dryvit Systems, Inc.*, 255 F.3d 138, 143 n.2 (4th Cir. 2001). The Court turns to these requirements.

<u>Numerosity</u>

Federal Rule of Civil Procedure 23(a)(1) requires the proposed class to be so numerous that joinder of all individual members as parties would be impractical. No specific number of plaintiffs is needed to maintain a class action. *Cypress v. Newport News General & Nonsectarian Hospital Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967). Courts have not articulated an exact numerical cut-off for determination of the numerosity requirement, rather the determination should be made on the facts of each particular case. *General Tel. Co. v. FEOC*, 446 U.S. 318, 330 (1980). Impracticability means that the difficulty or inconvenience of joining all members of the class calls for class certification. *Lerch v. Citizens First Bancorp, Inc.*, 144 F.R.D. 247, 250 (D.N.J. 1992).

In this case the proposed class is composed of over 300 members who, since closure of the Defendant's facilities, are geographically dispersed throughout the United States. Nearly 180 of these employees have filed proofs of claim. "[T]he WARN Act seems particularly amenable to class litigation given that its application is limited to companies which employ more than 100 employees and which lay off employees in groups of 50 or more. *In re Spring Ford Ind.*, 2004 WL 231010 (Bankr. E.D. Pa. Jan. 20, 2004), (*citing Finnan v. L.F. Rothschild & Co., Inc.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989)). The Defendant does not dispute that the numerosity requirement of Fed. R. Civ. P. 23(a)(1) is met. While joinder of all of the individual employees is not impossible in this case, it is sufficiently impracticable to support class certification.

3

Commonality

Federal Rule of Civil Procedure 23(a)(2) further requires that a class action include sufficient common questions of law and fact between the class members. The commonality element is satisfied if at least one factual or legal question is shared by all class members. *Woodard v. Online Info. Servs.*, 191 F.R.D. 502, 505 (E.D.N.C. 2000), (*citing Holsey v. Armour & Co.*, 743 F.2d 199, 216-17 (4th Cir. 1984)). There need only be a single issue common to all members of the class. *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1986).

In this case, there are several common questions which must be addressed for each plaintiff. Regarding each plaintiff it must be determined (1) whether the Defendant's plant had the number of employees required for WARN coverage; (2) whether proper WARN notice was given to the class members, and if proper WARN notice was given, whether the class members thereafter received sixty (60) days pay and benefits; (3) the availability of defenses pursuant to the WARN Act[1]; (4) if the Defendant was found to have violated the WARN Act; (5) whether the Defendant is liable for the wages, benefits, pre-judgment interest, attorney's fees and costs; (6) whether there was a "triggering event" under the Employee Retirement Income Security Act ("ERISA"), Pub.L. 93-406, 88 Stat. 829, enacted September 2, 1974, and whether the Defendant discontinued coverage; (7) whether the Defendant's actions were in violation of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), Pub.L. 99-272, 100 Stat. 82; and finally, (8) whether violations under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-50 (1986), occurred and damages are appropriate. In short, virtually all the issues are common to the class and the only differences are minor, namely, the rate of pay and the date of termination.

---

[1] Potentially applicable WARN Act defenses include exceptions for a "faltering company," the "unforeseeable business circumstances," and good faith by the Defendant.

<u>Typicality</u>

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the representative parties [are] typical of the claims or defenses of the class." Typicality is satisfied if the putative class's claims arise from the same "event or course of conduct" and are "based on the same legal theory" as the plaintiff's. *Simpson v. Specialty Retail Concepts, Inc.*, 149 F.R.D. 94, 99 (M.D.N.C. 1993).

For these adversary proceedings, the factual situation of each proposed Class Representative and the legal theories upon which the action is grounded are not only typical of the entire class, but are identical. The alleged failure to comply with the requirements of the WARN Act represent a single course of conduct resulting in injury to all class members and all proposed class representatives. Additionally the proposed representative parties in the Thompson Adversary and the class they purport to represent claim back wages under the SC Payment of Wages Act, and benefits under ERISA.

<u>Adequacy</u>

Federal Rule of Civil Procedure 23(a)(4) requires the class representatives: "fairly and adequately protect the interests of the class." Courts have separated this inquiry into two prongs: (1) whether the plaintiffs have interests contrary to the class, and (2) the qualifications, ability and experience of plaintiffs' counsel. *South Carolina Nat. Bank v. Stone*, 139 F.R.D. 325, 330 (D.S.C. 1991). The class representatives must not only possess the same interests of the class but also suffer the same injury. *Achem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Class representatives must voluntarily accept a fiduciary obligation towards all members of the putative class. *Sheldton v. Pargo, Inc.,* 582 F.2d 1298, 1305 (4th Cir. 1978). Additionally, the Court must find that counsel for the class is qualified, experienced, and generally able to conduct the proposed litigation. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), *cert. denied*, 417 U.S. 156 (1974).

5

The first element of Rule 23(a)(4) is met, in this case, because there is no divergence between the interests of the proposed class representatives and the interests of the class as a whole. On December 3, 2007, or shortly thereafter, the Plaintiffs and the unnamed members of the class were all notified of their termination. Both the Plaintiffs and unnamed class members claim to have not received adequate notice, or written notice, if at all, until on or after December 19, 2007. Plaintiffs in both adversary proceedings have performed all duties cast upon them, and are fully supportive of the actions being taken. Additionally, this Court is satisfied that counsel for the plaintiffs in both adversary proceedings are qualified, experienced, and able to conduct the proposed litigation.

Predominance of Common Questions

Federal Rule of Civil Procedure 23(b)(3)(A) mandates that common questions of law and fact predominate over "questions affecting only individual members." A class action must be superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). A class action is the superior method of resolving a dispute where many of the claims are quite small, making individual lawsuits impracticable. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985).

Courts have expressed divergent views concerning the superiority of class actions over traditional bankruptcy claims resolution. *Compare In re Musicland Holding Corp.*, 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007) (contending that the bankruptcy process provides advantages over class action litigation by allowing creditors to participate for the price of a stamp), *with In re Spring Ford Industries, Inc.*, 2004 Bankr. WL 231010, *9 (Bankr. E.D. Pa. 2004) (finding that in the context of WARN Act violations, common issues will almost always predominate). In *Spring Ford Industries*, that court noted, "Even where the defendant corporation has raised defenses to some individual employees' claims in a WARN Act class action … courts have nevertheless found that such issues are subordinate to the far larger, common issue of employer liability." *Spring Ford*, 2004 WL 231010, at 9. In that

6

case, the court followed "the overwhelming majority view that [class] claims are permissible in a bankruptcy case." *Id.*

### Need for Class Action

In this case, requiring the employees to proceed as individuals will result in greater litigation costs as counsel for the Debtor will have to respond to each of the employee claims and object to the proofs of claim currently on file. Here, the interest of the class members, the Debtor, and other creditors in judicial economy lies in single class adjudication rather than individualized adjudications. Additionally, and equally important, the employees should not be at the disadvantage of individually litigating complicated legal issues for relatively small recoveries using the contested matter procedures of the federal bankruptcy rules. This Court recognizes the viability of the class action mechanism in the bankruptcy context.

### Certification in One Case

Here, the Court has determined that one adversary proceeding offers the best opportunity for efficient resolution of these matters. Both the Thompson Adversary and the Burgio Adversary duplicate the WARN Act issue. The Thompson Adversary is preferred because it covers both WARN claims and other employee benefit claims, allowing resolution of all employee issues in one action. Principles of judicial economy and preservation of the bankruptcy estate motivate the selection of one adversary proceeding as the vehicle for resolution of the employee issues and the combination of WARN Act causes of action with other employment related causes of action in the Thompson adversary proceeding convince this Court that it is the one appropriate for class certification

### The Class

This Court finds that the requirements of Rule 23 have been satisfied and Adversary Proceeding 08-80035 should be certified as a class action. The question remains as to the composition of the class. Plaintiffs urge the Court to open the class to all employees while

7

the Debtor and the unsecured creditors committee urge the Court to restrict the class to those employees who have filed proofs of claim.

The certified class is limited to those employees who filed proofs of claim prior to the bar date. Within this District, proofs of claim in chapter 11 cases, permissible or required under Fed. R. Bankr. P. 3003(c), must be filed not later than ninety (90) days after the first date set for the § 341 meeting of creditors. SC LBR 3003-1(a). Such a bar date is necessary to provide finality in determining the identity of claimants and the liability faced by the bankruptcy estate. The pre-petition wage claims of employees were scheduled, without notation of dispute, and will be allowed unless an objection is filed. The WARN Act, COBRA, ERISA and SC Payment of Wages claims were not scheduled and, absent the filing of a proof of claim[2], are not allowable for the purposes of voting on the plan or distribution. Fed. R. Bankr. P. 3003(c)(2). Further, restricting the class to members who have timely filed proofs of claim for debts due other than wages is consistent with the equitable principles embodied in 11 U.S.C. §105. The restriction carries out the provisions of the Bankruptcy Code and Rules which establish a claims resolution procedure in bankruptcy cases and defers to principles of judicial economy which support employing a modified class action model in order to level the playing field for the employees and ensure consistency in the treatment of claims.

Plaintiff Banks in the Burgio Adversary purported to file a proof of claim for the class. Bankruptcy courts have allowed class proofs of claim when the bankruptcy judge elects to incorporate Fed. R. Civ. P. 23 (through Fed. R. Bankr. P. 7023 and Fed. R. Bankr. P. 9014) to the claims adjudication process. *Wilson v. Valley Elec. Membership Corp.*, 141 B.R. 309, 311 (E.D. La. 1992) (citing *In re American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988)). Bankruptcy Rule 9014, which applies to "a contested matter in a case … not

---

[2] Each of the employees, by virtue of being listed in the schedule of unsecured priority creditors with pre-petition wage claims, received notice of the bankruptcy filing and of the bar date for filing proofs of claim.

8

otherwise governed by these rules" allows a bankruptcy judge to exercise discretion to apply other adversary proceeding rules to contested matters stating that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Burgio is a creditor and may file a proof of claim. The filing of proofs of claim or interest is restricted to creditors, indenture trustees, and equity security holders and, in limited circumstances, to debtors and trustees. See Fed. R. Bankr. P. 3003, 3004. This Court does not read the rules as permitting the filing of claims by one creditor for other creditors[3], absent a prior determination that a class claim may be filed. *In re Computer Learning Centers, Inc.*, 344 B.R. 79, 87 (Bankr. E.D. Va. 2006); *Reid v. White Motor Corp.,* 886 F.2d 1462, 1470-1471 (6th Cir. 1989); *In re GAC Corp. (Novak v. Callahan)*, 681 F.2d 1295, 1299 (11th Cir. 1982). Further to open the class to all employees, without regard to the timely filing of a proof of claim by each employee, would render proof of claim deadlines in bankruptcy cases meaningless.

Appointment as Class Counsel

Federal Rule of Civil Procedure 23(g) requires that in appointing class counsel the court must consider:

i. the work counsel has done in identifying or investigating potential claims in the action;
ii. counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
iii. counsel's knowledge of the applicable law; and
iv. the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Analysis of these factors leads the Court to the determination that counsel for the Plaintiffs in the Thompson Adversary should be appointed as Class Counsel. Counsel for the Plaintiffs in the Thompson Adversary have done extensive work involving personal contact

---

[3] Ordinarily economic self interest would prevent a creditor from filing a claim for another creditor since the filing of additional claims could only serve to diminish the dividend payable as a distribution from the bankruptcy estate. Here the motivation must be to maximize the size of the class for purposes other than preserving the distribution to creditors that would otherwise be allowed under the law.

9

with over 150 claimants. Preparations by counsel for the Plaintiff in the Thompson Adversary include interviews with claimants and others that have information concerning WARN claims and defenses. Thompson Counsel has handled class actions including one previous WARN claim. On the other hand, Counsel for the Plaintiffs in the Burgio Adversary has handled many WARN claims. Nevertheless, in this case, Thompson Counsel is better suited to pursue the other causes of action which must be resolved either through the class action or by claims objections. Both Thompson Counsel and Burgio Counsel have the requisite knowledge and resources for effective representation. On balance, Thompson Counsel should be selected.

## Conclusion

Grimball & Cabaniss, LLC, Condon Law Firm, LLC, and The Nettles Law Office, LLC are appointed as lead counsel for the Class consisting of:

> (1) Former employees of Protected Vehicles, Inc. who filed claims in this case prior to the applicable bar date having been discharged or terminated from employment without receiving any notice as required by the WARN Act, and/or whose wages were withheld in violation of the S.C. Payment of Wages Act, and whose rights under ERISA and/or COBRA were violated; and,
>
> (2) One sub-class, which will consist of all employees or their dependents whose rights were violated under ERISA and/or COBRA.

Valarie A. Thompson, William J. Schott, Jr. and Weynonah Jay are certified as Class Representatives for the Class. Class members may opt out of the class.

Class counsel are ORDERED and DIRECTED to propose a revised notice limiting the class as directed in this order within twenty (20) days of this Order.

AND IT IS SO ORDERED.
Columbia, South Carolina
November 21, 2008